UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WENDELL M ARMSTEAD, JR,<br><br>               Petitioner,<br>   v.<br>JASON BENNETT,<br><br>               Respondent. | CASE NO. 2:24-cv-01994-TL-SKV<br><br>ORDER ON REPORT AND RECOMMENDATION |

      This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 6), and Petitioner Wendell Armstead's Objections to Report and Recommendation (Dkt. No. 10). Having reviewed the R&R, Petitioner's objections, and the remaining record, the Court ADOPTS the R&R and OVERRULES the objections.

ORDER ON REPORT AND RECOMMENDATION - 1

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). On January 24, 2024, Petitioner filed timely objections to the R&R and raised six challenges. *See* Dkt. No. 10.

Petitioner's first three objections relate to having had a magistrate judge screen and review his petition rather than an Article III judge. Dkt. No. 10 at 1. However, pursuant to 28 U.S. Code § 636(b)(1)(B), "a judge may [ ] designate a magistrate judge . . . applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." Pursuant to 28 U.S. Code § 636, this case was designated to Magistrate Judge Vaughan in accordance with the procedure set forth in Amended General Order No. 01-15 of the United States District Court for the Western District of Washington. Therefore, the Court finds no merit to Petitioner's objections one through three and OVERRULES them.

Petitioner's remaining three objections complain that the magistrate judge "assert[ed] procedural defenses rather than the proper respondent" and that his petition was not reviewed on substantive grounds and, therefore, violated his right to appeal his motion to proceed *in forma pauperis* and for procedural due process. Dkt. No. 10 at 1–2. As the magistrate judge explained

1  in the Report and Recommendation, the instant petition is Petitioner's third federal habeas

2  petition challenging the same Snohomish County judgment and sentence. Dkt. No. 6 at 2.

3  Petitioner does not dispute in his objections whether his petition is a second or successive

4  petition. *See generally* Dkt. No. 10.

5      For individuals such as Petitioner who are in state custody, "[n]o circuit or district judge

6  shall be required to entertain an application for a writ of habeas corpus to inquire into the

7  detention of a person pursuant to a judgment of a court of the United States if it appears that the

8  legality of such detention has been determined by a judge or court of the United States on a prior

9  application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Further, where a petitioner seeks to

10  file a second or successive petition, the applicant is required to first move in the appropriate

11  court of appeals for an order authorizing the district court to consider the application. *See*

12  28 U.S.C. § 2244(b)(3)(A). As Judge Vaughan correctly noted in the R&R (*see* Dkt. No. 6 at 3),

13  the Court is without jurisdiction over Petitioner's petition, as he has failed to comply with this

14  procedural requirement. Therefore, the Court finds no merit to Petitioner's objections four

15  through six and OVERRULES them.

16      Accordingly, it is hereby ordered:

17      (1) The Report and Recommendation is ADOPTED and Petitioner's objections are

18  OVERRULED.

19      (2) Petitioner's petition for writ of habeas corpus (Dkt. 4-1) and this action are DISMISSED

20  pursuant to 28 U.S.C. § 2244(a), as the petition constitutes an unauthorized second or successive

21  petition, and this Court therefore lacks jurisdiction to consider it.

22      (3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases, a certificate

23  of appealability is denied.

24      (4) Petitioner's application to proceed in forma pauperis (Dkt. No. 4) is denied as moot.

(5) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable S. Kate Vaughan, United States Magistrate Judge.

Dated this 6th day of February 2025.

Tana Lin
United States District Judge