1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                                    AT SEATTLE
10

11   WENDELL M ARMSTEAD, JR,            CASE NO. 2:24-cv-01994-TL-SKV

12                    Petitioner,       SECOND AMENDED ORDER ON
         v.                             REPORT AND
13                                      RECOMMENDATION[1]
     JASON BENNETT,
14
                      Respondent.
15

16

17

18       This matter comes before the Court on the Report and Recommendation ("R&R") of the

19   Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 6), and Petitioner

20   Wendell Armstead's Objections to Report and Recommendation (Dkt. No. 10). Having reviewed

21

22

23   ─────────────
     [1] The Court inadvertently cited to a prior version of General Order No. 12-24 of the United States District Court for
24   the Western District of Washington on page two of its prior orders.

the R&R, Petitioner's objections, and the remaining record, the Court ADOPTS the R&R and OVERRULES the objections.

A district court has jurisdiction to review a magistrate judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). The district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); *accord* 28 U.S.C. § 636(b)(1). A party properly objects when the party files "specific written objections" to the report and recommendation as required under Federal Rule of Civil Procedure 72(b)(2). On January 24, 2024, Petitioner filed timely objections to the R&R and raised six challenges. *See* Dkt. No. 10.

Petitioner's first three objections relate to having had a magistrate judge screen and review his petition rather than an Article III judge. Dkt. No. 10 at 1. However, pursuant to 28 U.S. Code § 636(b)(1)(B), "a judge may [ ] designate a magistrate judge . . . to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, . . . of applications for posttrial relief made by individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement." Pursuant to 28 U.S. Code § 636, this case was designated to Magistrate Judge Vaughan in accordance with the procedure set forth in General Order No. 12-24 of the United States District Court for the Western District of Washington. *See* W.D. Wash. General Order 12-24 (Oct. 08, 2024) (modifying General Order 11-22). Therefore, the Court finds no merit to Petitioner's objections one through three and OVERRULES them.

SECOND AMENDED ORDER ON REPORT AND RECOMMENDATION0F - 2

Petitioner's remaining three objections complain that the magistrate judge "assert[ed] procedural defenses rather than the proper respondent" and that his petition was not reviewed on substantive grounds and, therefore, violated his right to appeal his motion to proceed *in forma pauperis* and for procedural due process. Dkt. No. 10 at 1–2. As the magistrate judge explained in the Report and Recommendation, the instant petition is Petitioner's third federal habeas petition challenging the same Snohomish County judgment and sentence. Dkt. No. 6 at 2. Petitioner does not dispute in his objections whether his petition is a second or successive petition. *See generally* Dkt. No. 10.

For individuals such as Petitioner who are in state custody, "[n]o circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus." 28 U.S.C. § 2244(a). Further, where a petitioner seeks to file a second or successive petition, the applicant is required to first move in the appropriate court of appeals for an order authorizing the district court to consider the application. *See* 28 U.S.C. § 2244(b)(3)(A). As Judge Vaughan correctly noted in the R&R (*see* Dkt. No. 6 at 3), the Court is without jurisdiction over Petitioner's petition, as he has failed to comply with this procedural requirement. Therefore, the Court finds no merit to Petitioner's objections four through six and OVERRULES them.

Accordingly, it is hereby ordered:

(1) The Report and Recommendation is ADOPTED and Petitioner's objections are OVERRULED.

  (2) Petitioner's petition for writ of habeas corpus (Dkt. 4-1) and this action are DISMISSED pursuant to 28 U.S.C. § 2244(a), as the petition constitutes an unauthorized second or successive petition, and this Court therefore lacks jurisdiction to consider it.

  (3) In accordance with Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability is denied.

  (4) Petitioner's application to proceed in forma pauperis (Dkt. No. 4) is denied as moot.

  (5) The Clerk is directed to send copies of this Order to Petitioner and to the Honorable S. Kate Vaughan, United States Magistrate Judge.

Dated this 7th day of February 2025.

Tana Lin
United States District Judge